## BARKER v. SOUTHERN BUILDING & LOAN ASS'N.

### In re KING & BANKHEAD.

(Circuit Court, N. D. Alabama, N. E. D.   September 19, 1910.)

1. CORPORATIONS (§ 559*)—RECEIVERS—APPOINTMENT—EFFECT.

Though the appointment of a receiver for a corporation does not ordinarily dissolve it, it does deprive the corporation of the right to exercise its corporate powers in any manner inconsistent with the decree and deprives the corporation's officers of the power to bind it or its assets by contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2243, 2244; Dec. Dig. § 559.*]

2. RECEIVERS (§ 154*)—COUNSEL FEES—PAYMENT.

Where, after the appointment of a receiver for a corporation, its officers employed petitioners to represent the corporation in the litigation and to resist the court's action, and petitioners performed no service that increased or protected the fund or that brought the fund into court, they were not entitled to payment of their fees by the receiver out of the fund.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 154.*]

In Equity.   Suit by Anna W. Barker against the Southern Building & Loan Association.   Application by King & Bankhead for payment of attorney's fees out of the fund in the hands of the receiver appointed for defendant corporation.   Demurrer to application sustained.

David A. Grayson, for petitioner.
Lawrence Cooper, for defendant.

SHELBY, Circuit Judge.   This is an intervening petition filed by attorneys claiming compensation for services.   The averments of the petition are as follows:

"That the original bill was filed in this cause on the ——— day of October, 1902, and that on the same day a temporary receiver was ordered, and Hon. Lawrence Cooper was appointed receiver.   Petitioners shortly thereafter were employed by the defendant corporation through its president to represent the corporation in the litigation in this cause as its attorneys, and have represented and appeared for the corporation, the Southern Building & Loan Association, throughout the litigation herein.   That at the time of said employment the receiver had possession of all the property, money, and effects of the corporation, and it was unable to pay, and has not paid, the attorney's fees for said services.   That petitioners are advised that the funds brought into court in this cause amount to more than $75,000, and the services performed by petitioners are as follows:   They prepared answers and demurrers to the original bill herein and to the ancillary bill filed in this cause by J. E. Wilkinson, and represented the corporation in the hearing held before your honor at New Orleans, and paid their own expenses to New Orleans and while there, amounting to $50.   Petitioners aver that in the cause a number of references were ordered whereby certain questions were referred to Hon. R. W. Walker as special master.   Among them, the master was ordered to take and state an account of the apparent assets and liabilities of said Southern Building & Loan Association, the number of its shares, the probable value of the estate, and other information relating thereto; and also a reference was ordered and held to pass upon the reports of the receiver in this cause, and on said reference there was submitted to the master numerous questions of law involving the various claimants to the

funds in the cause, and the method of liquidation of the affairs of the estate. Petitioners aver that the said questions were many and involved intricate and difficult questions of law, and that said reference consumed a great deal of time covering a period of several months from December, 1902, to May, 1903, and petitioners appeared for the respondent corporation at the hearing before said master and discussed the questions of law involved, and filed exceptions to certain parts of the master's report, on which exceptions petitioners appeared for the corporation at the hearing of said exceptions. Petitioners aver that they are entitled to be paid a reasonable attorney's fee out of the funds in this cause, and claim therefor the sum of $2,500 as such reasonable fee.

"Wherefore petitioners pray for an allowance of the sum of $2,500 as such reasonable attorney's fee, and that the receiver, Lawrence Cooper, be directed to pay said fee out of the funds in his hands in this cause, and for other relief to which they may be entitled."

The receiver demurred to the petition, assigning as grounds of demurrer that it appears from the allegations of the petition that the petitioners (a) "are not entitled to the relief prayed by the petitioners against the said receiver"; (b) that the services were rendered "after the appointment of the receiver of the defendant association as an insolvent corporation under the decree of this court"; and (c) that the services were rendered under a contract made with the association after the appointment of a receiver.

The question to be decided is whether or not the petitioners are entitled to compensation out of the funds in the hands of the receiver on the facts stated in the petition. It appears that they were retained by the president of the corporation after the receiver was appointed. It may be conceded, as contended by the learned counsel for the petitioners, that the appointment of a receiver does not ordinarily dissolve the corporation, and that after the appointment it continues to exist as a corporate entity. It cannot be denied, however, that the appointment deprives it of the right to exercise its corporate powers in any manner inconsistent with the decree making the appointment. Decrees appointing a receiver usually place the assets in the hands of the receiver as an officer of the court and deprive the officers of the corporation of the power to bind the corporation or its assets by contracts. The exercise of the power by the officers of the corporation to bind and charge the assets of the corporation by contracts without the assent and authority of the court making the appointment would be clearly inconsistent with the purpose of the court in appointing a receiver, the purpose being to devote the assets to the payment of the corporation's liabilities and to distribute the remaining funds, if any, to those entitled to receive them. The receiver, by the decree, was authorized and directed to take immediate possession of all the property of the corporation, and the officers of the corporation were directed to turn the same over to the receiver. The officers and agents of the corporation were "enjoined from interfering with or disposing of its property in any way except to turn the same over to the receiver." It would clearly be in conflict with this decree for an officer of the association, after the appointment of the receiver, to make a contract creating a lien or charge on the funds placed in the hands of the receiver by the decree of the court. The contention of the petitioners may be conceded, that the president or stockholders may be permitted

to intervene and seek to vacate the order appointing the receiver, or seek to have him removed and another receiver appointed; but this is far from holding that they may do so at the expense of the fund held in court. In such case, those employing counsel should themselves bear the expense. There would be nothing in the circumstances named to require a departure from the general rule that each client should compensate his own solicitor. There is no allegation of fact in the petition showing that the petitioners performed any service that increased or protected the fund that they seek to charge, nor is it alleged that they performed any service that brought the fund into court. The claim is dependent solely, on the facts as presented, on the theory that the president of the corporation, after the appointment of a receiver and after the assets are in the receiver's hands by a decree enjoining the officers of the corporation from further control, can make a contract with attorneys to resist the court's action, and by such contract fasten a lien on the corporation's assets. I cannot sustain that view.

It is contended by counsel that, as the corporation had the right to be represented after the appointment of the receiver in the effort to remove or supplant him with another, it is in the discretion of the court to allow the compensation claimed. If the court has any discretion in the matter, it is a judicial discretion, not to be exercised except in case where the facts, in view of equitable principles, would justify the court's action.

On the facts stated in the petition, I am of opinion that the petitioners are not entitled to the relief prayed.

The demurrer is sustained.