### BARKER v. SOUTHERN BUILDING & LOAN ASS'N.

#### In re SPRAGINS.

(Circuit Court, N. D. Alabama, N. E. D. September 19, 1910.)

RECEIVERS (§ 154*)—FEES OF COUNSEL—CHARGE ON FUND.

A solicitor, employed by complainant in a suit to wind up the affairs of a building and loan association, after the original bill had been filed and a receiver had been appointed, and who performed no service at the instance of the complainant that increased or protected the fund, or in any way benefited the creditors or stockholders of the corporation, was not entitled to payment of his fees by the receiver out of the fund.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 154.*]

In Equity. Bill by Anna W. Barker against the Southern Building & Loan Association. Petition by R. E. Spragins to charge funds in the hands of a receiver with attorney's fees. On demurrer to bill. Sustained.

R. E. Spragins, for petitioner.
Milton Humes and Lawrence Cooper, for defendant.

SHELBY, Circuit Judge. This is an intervening petition seeking to charge funds in court with attorney's fees.

---

The petition is as follows:

"That the original bill was filed in this cause on the ——— day of October, 1902, and that on the same day a temporary receiver was ordered, and Hon. Lawrence Cooper was appointed receiver. Petitioner shortly thereafter was employed by the complainant as her attorney to represent her in the litigation in this cause, and petitioner has appeared and represented her in said litigation. That at the time of said employment, the receiver had possession of all the property, money, and assets of the corporation, and petitioner is advised that said receiver has received more than $75,000 in funds brought into court in this cause, and the services performed by the petitioner are as follows: He prepared answers and demurrers to the ancillary bill filed in this cause by J. F. Wilkinson, and represented her in the hearing held before your honor at New Orleans, and paid his expenses there, amounting to $50. Petitioner says he prepared a number of papers relative to the original bill in which the respondent sought to have said original bill dismissed. Petitioner avers that in the cause a number of references were ordered whereby certain questions were referred to Hon. R. W. Walker as special master. Among them, the master was ordered to take and state an account of the apparent assets and liabilities of said corporation, the number of its shares, the probable value of the estate, and other information relating thereto; and also a reference was ordered and held to pass upon the reports of the receiver in this cause, and on said reference there were submitted to the master numerous questions of law involving the various claimants to the funds in the cause, and the method of liquidation of the affairs of the estate. Petitioner avers that the said questions were many and involved intricate and difficult questions of law, and that references consumed a great deal of time covering a period of several months from December, 1902, to May, 1903, and petitioner appeared for the complainant at the hearing before the master and discussed the questions of law involved. Petitioner avers that he is entitled to be paid a reasonable attorney's fee out of the funds in this cause, and claims therefor the sum of $2,500 as such reasonable fee.

"Wherefore petitioner prays for an allowance of the sum of $2,500 as such reasonable attorney's fee, and that the receiver, Lawrence Cooper, be directed to pay said fee out of the funds in his hands in this cause, and for other relief to which he may be entitled."

The receiver demurred to the petition, assigning, with specifications, that the petition shows that the petitioner is not entitled to the relief prayed for.

It appears that the petitioner is claiming compensation for services rendered as the solicitor for the complainant, but that he was not retained until after the original bill was filed and the receiver appointed. Before his employment, the fund had been brought into the custody of the court, and was in the hands of the receiver. No fact is alleged showing that the petitioner performed any service at the instance of the complainant that increased or protected the fund, or that in any way benefited the creditors or stockholders of the corporation. The facts stated show that the petitioner is entitled to compensation from his client; but there is no averment that shows that the sum due the petitioner is a charge or lien on the fund in court. The principle upon which compensation for services rendered by a solicitor for one jointly interested with others in trust funds may be made a charge on such funds has been frequently announced by the courts. Lamar v. Hall & Wimberly, 129 Fed. 79, 63 C. C. A. 521. The facts stated in the petition do not bring the case within the rule.

The demurrer must be sustained.