KIMBALL v. ATLANTIC STATES LIFE INS. CO.

(District Court, S. D. Georgia, N. E. D. April 22, 1915.)

RECEIVERS ☞154—COMPENSATION OF ATTORNEYS—ALLOWANCE.

Counsel, bringing an action at law for a client against a corporation and an ancillary proceeding in equity in aid thereof, in which a receiver of the corporation is appointed, and obtaining a judgment for the client for a part of his demand, may not be paid their compensation from the fund in court, for the services rendered by them were not for the benefit of all the stockholders.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 279–282; Dec. Dig. ☞154.]

At Law and in Equity. Action by G. S. Kimball against the Atlantic States Life Insurance Company, with ancillary proceedings in equity, in which a receiver of the company was appointed, and judgment rendered for plaintiff. On application of McElreath & Akerman, attorneys of plaintiff, for compensation payable out of the fund in court. Denied.

Walter McElreath, of Atlanta, Ga., for applicants.
E. H. Callaway, of Augusta, Ga., for receiver.

SPEER, District Judge. In this case is presented the petition of Walter McElreath and Alexander Akerman for the allowance of coun-

sel fees in the case of G. S. Kimball against the Atlantic States Life Insurance Company. It was referred to the master, and by that officer the application was denied. Exceptions were filed to the master's report, and counsel were fully heard on yesterday.

The facts are that Kimball was the promotor of the Atlantic States Life Insurance Company. He finally brought suit against that company for liquidated damages in the amount of $5,000, and for other demands in the amount of $122,500. An ancillary proceeding in equity was filed in support of the common-law action, and by and with the consent of the counsel for the insurance company a receiver was appointed and the assets taken in charge. The suit was brought to trial in this court before Hon. Wm. B. Sheppard, judge presiding. Kimball prevailed on his claim, upon one count, for $1,500, but lost on his demand for $122,500. This was taken to the Circuit Court of Appeals and affirmed. The court was now in the possession of all the assets of the defendant company, and certain stockholders by intervention have asked the distribution of the funds. This has been partially done.

The claim of petitioners is based upon the assertion that they brought the fund into court. In a certain class of cases, where a proceeding in equity is brought for the benefit of all the stockholders of a corporation, where valuable services are rendered, and benefits result, such claims of counsel are allowed, and paid by the direction of the court. The trouble about the petitioners' application here is that their entire proceeding was adversary and inimical to the company. They did not seek to benefit or enhance its values, but to deplete them. They did so to the extent of $1,500. After effort to that end, they failed to do so to the extent of $122,500. Had they succeeded in their effort, the company would have lost at least $127,500, with all costs. True, they now intervene and join in the prayers of the stockholders for the distribution of the fund, and yet, but for their adversary action, inimical in every sense to the interest of the stockholders, the directors of the company might have effected that distribution without the expense of the receivership. To allow a fee of counsel to be paid from the fund in hand, under such circumstances, would, in the opinion of the court, be to establish a precedent which would encourage the bringing of unjustifiable proceedings; counsel acting under the consciousness that, although the proceeding itself was without merit, they would be sure of personal compensation from the property of others which they had perhaps unrighteously caused to be involved in litigation. That such a precedent would be dangerous seems undeniable.

Of course, no reflection is intended on counsel in this particular case, for they prevailed in part; but the report of the master is approved, and this application is denied.