ATKINSON & CO., Inc., v. ALDRICH–CLISBEE CO.

(District Court, D. Massachusetts. August 9, 1915.)

No. 510.

1. RECEIVERS ⬤⟳91—CHARGES—RENT.

After the expiration of its lease, the lessor of property largely increased the rent as a means of forcing a corporation to vacate. Receivers for the corporation were appointed, and though there was no evidence of appreciation in value of the premises, the landlord claimed the increased rent for the period of the receivers' occupancy. *Held*, that as the amount claimed was more than a fair rental, the receivers should be charged only for an amount corresponding to the rent reserved in the old lease.

2. RECEIVERS ⬤⟳86—CLAIMS—EVIDENCE.

Where a landlord, whose premises had been occupied, while receivers of a corporation continued its business, asserted a claim for damages, but there was no evidence as to what damage had occurred during the receivership and what occurred while the premises were in possession of the corporation prior thereto, the whole item must, as against the receivers, be disallowed.

3. RECEIVERS ⬤⟳196—COMPENSATION—DUTIES.

Receivers are bound to use the utmost care not to contract bills which they may be unable to pay from the property in their hands, and the existence of such bills throws on the receivers a heavy burden to exonerate themselves from personal liability therefor, and a still greater burden to establish a right to compensation for services as receivers; therefore, where receivers at the unanimous request of corporate creditors conducted the business of the corporation knowing that it was being conducted at a loss, they cannot, where the funds in their hands were insufficient even to discharge all of the bills they incurred, be allowed compensation.

4. RECEIVERS ⬤⟳153—OBLIGATIONS OF RECEIVERS—TAXES.

Taxes assessed against a corporation prior to the appointment of receivers are debts due from the corporation and not the receivership, and must be postponed to debts incurred by the receivers.

5. RECEIVERS ⬤⟳154(2)—CLAIMS—COUNSEL FEES.

Where receivers were appointed who took over the property and continued the business of a corporation, no allowance to counsel for legal services rendered the corporation during the receivership proceedings can be made until after the expenses of the receivership have been paid, the claim being a charge against the funds of the corporation instead of against the receivership.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Bill by Atkinson & Co., Incorporated, against the Aldrich-Clisbee Company, on which receivers were appointed. On petition by the receivers for a decree fixing their fees and for partial distribution, in which the attorney for the respondent corporation claimed compensation for services and expenses rendered and incurred during receivership. Distribution directed in accordance with memorandum filed.

Stone & Stone, of Boston, Mass., for plaintiff.
Henry B. Roberts, of Boston, Mass., for defendant.

MORTON, District Judge. *As to the rent:*
[1] This was never fixed by order of court, nor by any formal and approved action of the receivers. The amount now charged against them by the landlord, $30 per day, was originally put to the Aldrich-Clisbee Company as a means of forcing it to vacate. It is plainly more than a fair rental value of the premises. It does not appear that there has been any marked increase in such value since the termination of the lease in September, 1913. At that time the landlord charged $20 per day. This seems to me the best basis for fixing the amount of rent. I see no reason why the receivers should pay more. The claim of the landlord for rent is to be reduced to $20 per day for the time which the receivers occupied, viz. 294 days; and the receivership is to be credited with the payments of $210, and $4,120, leaving a balance due of $1,550.

*As to the damage to the building:*
[2] It is not claimed that this was all done during the receivership. It is said in the brief for the landlord that "a part of the damages for which the very moderate claim is made were done while the premises were in the control of the respondent corporation or its receivers," and again that "the landlord cannot state at what precise time any particular part of the damage was done in the bakeshop." As the only portion of this charge properly payable by the receivers would be the damage done during the receivership, and as that amount cannot be separated, the whole item must be disallowed, as against the receivers.

*As to the compensation of the receivers:*
[3] The receivers operated the business from January 20, 1914, to November 4, 1914, and incurred during that period bills for materials, rent, insurance, supplies, etc., incident to such operation. None of these bills was specially authorized by order of court; they were contracted under the general authority to continue the business. As I understand the facts, the total amount available for distribution, as of November 4th, is $10,756.99. The bills against the receivers, as above modified, and without their own claim for services, amount to slightly more than that sum. The receivers request that their compensation be fixed at $5,000, and that it should be made a preferred claim against the funds in their hands. It is apparent that whatever sum is allowed to them must be paid at the expense, not of creditors of the Aldrich-Clisbee Company, but of creditors of the receivership itself.

Receivers are bound to use the utmost care not to contract bills which they will be unable to pay from the property in their hands. The

existence of such bills throws on the receivers a heavy burden to exonerate themselves from personal liability therefor, and a still greater burden to establish a right to compensation. The court itself has a duty to see that persons who deal properly with its officers get their money. Gutterson et al. v. Lebanon I. & S. Co. (C. C.) 151 Fed. 72; 23 Ency. of Law, p. 1096, collecting authorities. See, too, Atlantic Trust Company v. Chapman, 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155.

In this case, yielding to the unanimous vote of the creditors, the receivers, against their better judgment, continued the business at a loss. There was also a large shrinkage below the inventory on the final sale of the assets, which was unexpected by the receivers, or by the creditors of the Aldrich-Clisbee Company, and which more than accounts for the slight deficiency in the funds on hand to meet the receiver's bills. As between the receivers and the creditors who assented to and urged the course taken, the former would probably be entitled to reasonable compensation. But as between receivers and persons who dealt with them as officers of the court, if under any circumstances compensation would ever be awarded to the former at the expense of the latter, this is not a case of that extraordinary and exceptional character. The operating losses, incurred by the receivers after they knew that the business was losing money, amount to more than the deficiency of assets to meet the receivers' bills. The receivers' request for compensation must therefore be disallowed.

[4] The taxes for 1914, assessed against the property while in the receivers' possession, are to be paid in full for such amount as may be justly due. The taxes assessed prior to the appointment are due from the corporation, not from the receivership. They are postponed to debts incurred by the receivers.

[5] Mr. Roberts' claim for legal services to the respondent in these proceedings is not, it seems to me, a charge of the receivership itself. It is rather a charge against funds of the corporation after the expenses of the receivership for the preservation of those funds have been paid. It must therefore be postponed behind the claims against the receivers.

After payment of taxes for 1914, as above directed, all valid claims against the receivers are to share equally in the distribution of the assets. A decree for distribution in accordance with this memorandum may be presented.