# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 7, 1922.

WILLIAM H. MEDFORD
VS.
COLUMBIAN CONSTRUCTION COMPANY.

*Charles McC. Mathias* and *W. H. Hudgins* for plaintiff.
*Walter C. Mylander* for exceptants.
*Victor Wilson* for defendant.

BOND, J.—

The evidence shows that Mr. Mathias, Mr. Medford and Mr. Coblentz, faced with possibility of loss of an investment in stock of a company engaged in a building operation, and also with the fact that an unauthorized use had been made of their names to strengthen the credit of the company, decided to have the work taken over and completed by a receiver, in the interests of all persons concerned in the job. Mr. Mathias testified that, "The plan proposed was to have myself appointed as receiver; that I would furnish enough working capital, together with the $28,650 that would be available from the bonding company, to complete the houses."

The market for such houses was then on a high level, and calculations made promised a safe margin over and above cost of completion. How much the contractors for the work and materials knew of the purpose of Mr. Mathias to furnish the capital is not clear, but it is clear that they went ahead relying on the fact that henceforth they would be working for the court, as Mr. Mathias explained to them.

The market for the houses broke badly just before the houses were finished. All other contractors had then been paid in full, but the ultimate sale failed to realize enough to pay the bill of the plumbers, who were the last

contractors on the job, to pay certain loans made to the receivers, pursuant to an order of court, and to permit of compensation to the receiver, Mr. Mathias.

The receiver cannot be charged with negligence, as I see it, or with anything more than miscalculation on the market for houses. In the light of subsequent events he and his associates may, perhaps, be thought to have launched forth on a highly speculative enterprise, but that is hindsight. These gentlemen will sustain greater losses from the venture than anyone else, whatever may be the decision on the present exceptions.

The evidence is not sufficient to charge the receiver with any undertaking to pay exceptants their claim against the corporation accrued before the receivership.

The question is, then, whether for a receivership operation undertaken by him primarily to salvage interests of his own, the receiver should be awarded commissions which, under the peculiar circumstances of the case, can be paid only at the cost of one of his contractors and, possibly, lending creditors. I think he cannot.

The exceptants are not now to be considered as creditors of the corporation. Their claim is an item of receivers expenses. It is questionable whether an item of this kind, when allowed, should not strictly be allowed by the court to the receiver as part of his expenses rather than allowed directly to the contractor. German Nat. Bank vs. Best, 32 Colo. 192.

It has been decided in one case that such an item should always be paid out of the fund before any compensation should be paid to the receiver.

In the case of Atkinson Co. vs. Aldrich-Clisbee Co., 248 Fed. 134 (U. S. Dist. Court of Massachusetts), the court, in disallowing commissions in a somewhat similar situation, said:

"It is apparent that whatever sum is allowed to them (receivers) must be paid at the expense, not of creditors of the Aldrich-Clisbee Company, but of creditors of the receivership itself. Receivers are bound to use the utmost care not to contract bills which they will be unable to pay from the property in their hands. The existence of such bills throws on the receivers a heavy burden to exonerate themselves from personal liability therefor, and a still greater burden to establish a right to compensation. The court itself has a duty to see that persons who deal properly with its officers get their money."

That argument is much stronger, it seems to me, when applied to a case in which all but one, or a few. creditors have been paid off, and deductions from the general fund, with a pro rata loss to all contractors alike, are no longer possible; when, in other words, one contractor is asked to stand the expense for all.

But whether we accept the argument of the Atkinson Company case in full, or not, still in this case I think the situation is one which requires that the allowance of commissions be deferred. It seems to me to be pre-eminently a case in which the funds in hand being insufficient to pay the receivership expenses, the court would have to require the deficit to be made up by the persons who applied for the appointment of the receiver. Tome vs. King, 64 Md. 166; Knickerbocker vs. McKindley Coal Co., 172 Ill. 535; German Nat. Bank vs. Best, 32 Colo,. 192; Hendrie Co. vs. Parry, 37 Colo. 379; Frick vs. Fritz, 124 Iowa 529, 534; Welch vs. Renshaw, 14 Colo. App. 526; Ephraim vs. Pacific Bank, 129 Cal. 589, 582.

In most of these cases just cited the compensation of receivers was the only item of receivership expenses remaining unpaid. But in this case the receiver and his associates being themselves the applicants for the receivership and so responsible for the expenses, the item of his compensation need not be taken into account; the applicants may be left to take care of that as they please.

The item of compensation being deferred, the bill of the exceptants and the loans would stand to share equally, in the absence of some difference not yet made clear. The lending creditors have filed no exceptions, and something was said in the argument of collateral security held by them. Counsel for the exceptants say that upon a proper marshalling of securities the claim of their clients must first be paid from the fund in the receiver's hands. These latter questions have not yet been fully presented, and at present the order will merely sustain the exceptions to the allowance of the receiver's commissions.