## CULHANE et al. v. ANDERSON et al.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1927.)

No. 7341.

1. Receivers ⚖➞154(2)—Allowance and preference for fees of defendant's counsel against funds in receivership is rarely proper.

Allowances and preferences for counsel fees against funds in receivership must usually find a basis in the acquirement or preservation of the property in receivership, or some pre-existing lien or contract, and are rarely proper to defendant's counsel.

2. Attorney and client ⚖➞182(1)—Federal receiver held not an "adverse party" to the defendant, within a statute giving an attorney a lien for services on money in hands of adverse party; "officer of court" (Comp. St. Neb. 1922, § 267).

A receiver of a federal court is an officer of the court, appointed in behalf of all the parties and indifferent between them, and is not an "adverse party" to the defendant, within the meaning of Comp. St. Neb. 1922, § 267, giving a lien for services of an attorney on money in the hands of the adverse party in an action in which he is employed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Party; Officer of Court.]

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Ancillary bill in equity by M. E. Culhane and others against Claude H. Anderson and others, filed in the suit of H. E. Close and others against the Brictson Manufacturing Company. From a decree dismissing the ancillary bill, complainants therein appeal. Affirmed.

M. E. Culhane, of Minneapolis, Minn. (Frank L. Weaver and William M. Giller, both of Omaha, Neb., on the brief), for appellants.

T. J. McGuire and A. C. R. Swenson, both of Omaha, Neb. (O. S. Spillman, of Pierce, Neb., and C. H. Kubat, Mulfinger & Webb, Crofoot, Fraser, Connolly & Stryker, and Ritchie, Canaday & Swenson, all of Omaha, Neb., on the brief), for appellees.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. On September 3, 1921, a receiver was appointed by Judge Woodrough, in the district of Nebraska, for the Brictson Manufacturing Company, in a cause entitled H E. Close et al. v. Brictson Manufacturing Company This court determined (280 F. 297) that the trial court should not have appointed a receiver and ordered restoration of the property, taken by the receiver. The trial court refused to comply with the mandate of this court therein and the subsequent confusion and trouble, into which this case has become entangled, is clearly traceable thereto. Later, mandamus from this court to secure such compliance was authorized. 284 F. 484. In the meantime, legal confusion has arisen which has made it difficult to return this property.

These appellants are the attorneys of the Brictson Manufacturing Company and have been such throughout this litigation and much

other litigation against that company in various courts. April 24, 1925, they filed this ancillary pleading in the receivership suit. Therein, they set out an outline of their various services as counsel for the Brictson Manufacturing Company; that they have expended money for such client, which has not been entirely repaid, and that they have received no pay for their services. They claim "a lien upon the assets of the Brictson Manufacturing Company in the hands of Ralph M. West as receiver for their fees as such attorneys, as well as their costs and disbursements as hereinbefore set forth." Besides prayers for process and general relief, they pray an order "directing Ralph M. West, as receiver of the Brictson Manufacturing Company to deliver to these petitioners the assets of the Brictson Manufacturing Company in his hands or at least sufficient thereof to enable these petitioners to protect their lien for the amount justly due them for their services, costs and disbursements as more fully is set forth in the foregoing petition."

To this petition, motions to dismiss were filed by various parties. One of these motions was filed by the trustees appointed by a state court in Nebraska in a proceeding to dissolve the above company and wind up its affairs. All of these motions were based upon the two grounds: (1) That the court was without jurisdiction to grant the relief sought; and (2) that the facts pleaded were insufficient to sustain recovery thereunder. The trial court (Judge Munger) sustained the jurisdiction of the court, but found the facts insufficient. Therefore he dismissed the petition, "but without prejudice to a new and independent action or suit by the petitioners for recovery of the amount claimed to be due them in said petition." From that order, this appeal is brought.

A motion in the nature of diminution of the record is filed, is opposed and, we think, should be granted. As the matter covered by the motion consists of two orders made by the trial court herein, of which certified copies are presented here, we will treat these copies as complying with the requests of the motion and as part of the record before us.

The first question presented here for appellant is stated as being "Have appellants a lien on or a right to have their services and costs as attorneys paid out of the assets and property of the Brictson Manufacturing Company in the hands of Ralph M. West as receiver?"

[1] The theory of appellants is not that they are entitled to allowances against the funds in receivership and preferential payment thereof. While such allowances and preferences are sometimes permissible, they must usually find a basis in the acquirement or preservation of the property in receivership or some pre-existing lien or contract (Burroughs v. Toxaway Co. [C. C. A.] 185 F. 435 [4th Circuit]; Haehnlen v. Drayton [C. C. A.] 192 F. 300 [3d Circuit]; Miers v. Columbia Mutual Bldg., etc., Association [C. C.] 166 F. 781; Barker v. Southern B. & L. Association [C. C.] 181 F. 638; Kimball v. Atlantic States Life Ins. Co. [D. C.] 223 F. 463), and such allowances to the counsel for defendant are rarely proper (Atkinson & Co. v. Aldrich-Clisbee Co. [D. C.] 248 F. 134; Barker v. Southern B. & L. Association [C. C.] 181 F. 636).

The first matter to be noted is that neither this lien, nor the claim upon which it is based, existed at the time this property came into the possession of the receiver, after his appointment and qualification as such. The fees were earned and the disbursements by appellants made after the receiver had possession. If there is a lien, as claimed, it came into existence while the receiver was in possession and it attached to property so in his possession. In short, the situation is not that of property coming to a receiver burdened with a lien but of a lien arising and attaching to property already in full possession of a receiver.

[2] Another matter to be borne in mind is that the federal courts recognize liens allowed by the laws of the states. Central Railroad v. Pettus, 113 U. S. 116, 127, 5 S. Ct. 387, 28 L. Ed. 915. The state of Nebraska has a statute defining and regulating attorneys' liens (Comp. Stat. 1922, § 267), which is as follows:

"An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of that lien to that party."

Considering the two above matters, the question before us is, does the above state statute give a lien upon property in the hands of a receiver of a federal court for services rendered the defendant?

The above-quoted statute gives the lien upon definite specific things: (1) Upon papers of the client coming into his possession in the course of his professional employment; (2) upon money in his hands belonging to his client; and (3) upon money "in the hands

of the adverse party in an action or proceeding in which the attorney was employed." The funds upon which appellants seek to fasten this lien are not now and never have been in their possession. Therefore, appellants must and do rely upon the provision that such are "in the hands of the adverse party in an action or proceeding in which the attorney was employed." There is no question of the employment of appellants by the Brictson Manufacturing Company and, it may be added parenthetically, of the fidelity and efficiency of their service. The question is whether a receiver, appointed in a federal court, is an "adverse party" within the meaning of the Nebraska statute. We have no decision of the Nebraska Supreme Court, construing this statute, to guide us. Whether such receiver is such an "adverse party" must depend upon the legal relation of such receiver to the defendant in the receivership proceeding. In Atlantic Trust Co. v. Chapman, 208 U. S. 360 at page 370, 28 S. Ct. 406, 408 (52 L. Ed. 528, 13 Ann. Cas. 1155), the court said:

"Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer or creature, the receiver. In Booth v. Clark, 17 How. 322, 331, 15 L. Ed. 164, 167, it was said: 'A receiver is an indifferent person between parties, appointed by the court to receive the rents, issues, or profits of land, or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it. Wyatt, Practical Reg. 355. He is an officer of the court; his appointment is provisional. He is appointed in behalf of all parties, and not of the complainant or of the defendant only. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is in custodia legis for whoever can make out a title to it. Delany v. Mansfield, 1 Hogan [Ir.] 234. It is the court itself which has the care of the property in dispute. The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court. Verplanck v. Mercantile Ins. Co., 2 Paige [N. Y.] 452.' In Porter v. Sabin, 149 U. S. 473, 479, 13 S. Ct. 1008, 1010, 37 L. Ed. 815, the court said: 'When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the re-

17 F.(2d)—36

ceiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it'—citing Wiswall v. Sampson, 14 How. 52, 65, 14 L. Ed. 322, 328; Peale v. Phipps, 14 How. 368, 374, 14 L. Ed. 459, 461; Booth v. Clark, 17 How. 322, 331, 15 L. Ed. 164, 167; Union Nat. Bank v. Bank of Kansas City, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341; Thompson v. Phenix Ins. Co., 136 U. S. 287, 297, 10 S. Ct. 1019, 34 L. Ed. 408, 413."

In the same case, at page 375 (28 S. Ct. 411), the court said:

"A receiver, as soon as he is appointed and qualifies, comes, as we have said, under the sole direction of the court. The contracts he makes or the engagements into which he enters, from time to time, under the order of the court, are, in a substantial sense, the contracts and engagements of the court. The liabilities which he incurs are liabilities chargeable upon the property under the control and in the possession of the court and not liabilities of the parties. They have no authority over him and cannot control his acts."

The rule is concisely stated by the Circuit Court of Appeals for the Second Circuit in Pennsylvania Steel Co. v. N. Y. City Ry. Co., 198 F. 721 at 728 as follows:

"A chancery receiver is an indifferent person appointed by the court to hold property in litigation pending suit. He is a ministerial officer with the function of a custodian. He derives his authority from the court and not from the parties at whose instance he is appointed. He acts in behalf of no particular interest, but guards the rights of all. Being a mere holder, his appointment does not change the title to the property in his charge, nor alter any lien of contract. Booth v. Clark, 17 How. 322, 15 L. Ed. 164; Quincy, etc., R. Co. v. Humphreys, 145 U. S. 82, 12 S. Ct. 787, 36 L. Ed. 632; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341; Gaither v. Stockbridge, 67 Md. 222, 9 A. 632, 10 A. 309. See, also, Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 S. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155."

Also see Graselli Chem. Co. v. Ætna Explosives Co. (C. C. A.) 252 F. 456, 460 (2d Circuit), and Klein v. Peter, 284 F. 797, 799, 29 A. L. R. 1497 (this court).

From the above statements of the status of a receiver, it is clear that such an official of the court is in no sense an "adverse party" to the defendant in that proceeding. We must accept the employment of such language in

the Nebraska statute to be the ordinary usage of those words, which usage could not include receivers. The result is that the appellants have not brought themselves, in their petition herein, within that statute. Hence, the trial court rightly dismissed the petition as not stating facts sufficient to authorize the relief sought.

In this case, we have left undetermined another question which might have arisen had the facts pleaded by appellants brought them within the statute. That question is whether a lien, founded upon a state statute, can attach to property in the custody of a federal court where the claim which gives rise to the lien comes into existence while the property is in such custody.

The decree is affirmed.