**KLEIN v. ACCO PRODUCTS, Inc., et al.**

No. 6523.

District Court, E. D. New York.

Oct. 28, 1935.

Herman Forster, of New York City, for plaintiffs.

James A. Dayton, of Long Island City, N. J., for defendants.

Emanuel Harris, of New York City, pro se.

MOSCOWITZ, District Judge.

These are two motions, one for an order substituting Emanuel Harris, Esq., attorney for the defendants, in place of James A. Dayton, Esq., the other, made by Mr. Dayton for an order fixing his fee as attorney for the defendants for services rendered by him and by counsel associated with him in defense of this action, and directing the payment of the amount so fixed by the receiver, and providing that the amount so paid by the receiver shall be charged against the moneys or properties to which the said defendants, or either of them, may be found to be entitled in this action.

This is not the ordinary equity receivership for the liquidation of assets. In such proceedings the court has power to grant allowances for services which are beneficial to the estate. This is a private litigation, and the court is without power to grant allowances of any kind to the attorney for the litigants. Culhane v. Anderson (C.C.A.) 17 F.(2d) 559; Atkinson & Co., Inc., v. Aldrich-Clisbee Co. (D.C.) 248 F. 134.

Even if Mr. Dayton was seeking the aid of the court in establishing a lien for services instead of an order directing the receiver to pay him for services rendered as attorney for the defendants, this court would not have any power to do so. United States v. McMurtry (D.C.) 24 F.(2d) 145; Matter of Lydig's Will, 262 N.Y. 408, 187 N.E. 298.

The answer of the defendants discloses no counterclaim; therefore section 475 of the Judiciary Law of the State of New York (Consol.Laws N.Y. c. 30) can afford no basis to sustain the application at bar, as that section provides for a lien where there is a counterclaim. In re Badger (C.C.A.) 9 F.(2d) 560, 561.

There is no doubt that Mr. Dayton and counsel for the defendants performed valuable services. It is unfortunate that the court is without power to protect the attorneys under the circumstances of the case at bar. That is a matter for the consideration of the legislative bodies. The attorneys, however, are entitled to a general lien on any papers in their possession. The order to be entered herein may so provide.

Motion for substitution granted. Motion to fix the fee and to direct payment thereof by the receiver is denied. Settle orders in accordance with this opinion.