**In re McMILLAN RAPP & CO.**
**Claim of CHRISTY.**
**No. 21225.**

District Court, E. D. Pennsylvania.
Jan. 23, 1941.

Roland J. Christy, of Philadelphia, Pa., for claimant.

David F. Maxwell and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for trustee in bankruptcy.

BARD, District Judge.

The petitioner seeks review of an order entered by the Referee in Bankruptcy refusing a requested allowance of $1,000 for legal services rendered as counsel for McMillan, Rapp and Company, defendant and debtor in equity receivership proceedings which immediately preceded this bankruptcy.

The petitioner was employed by McMillan, Rapp and Company, on February 5, 1940 to represent it in proceedings relative to an equity receivership which was obtained that day. Thereafter to and including February 19, 1940, the petitioner rendered services to McMillan, Rapp and Company. A voluntary petition in bankruptcy was filed February 20, 1940. Since this latter date, the petitioner has served as attorney for the bankrupt. The petitioner seeks compensation at this time for his services preceding the filing of the voluntary petition in bankruptcy.

Although the Trustee admits that the petitioner's services were in co-operation with the equity receiver and were of some assistance to the receiver, it is contended that the referee is correct in his position that the petitioner cannot claim compensation by reason of this or by reason of service to the bankrupt preceding the bankruptcy.

The petitioner contends that his services were in the interest of the creditors and protected the fund in the receivership and therefore warrant compensation. The Trustee admits that the petitioner's work contributed materially to the expedition with which the debtor's affairs were analyzed, but contends this effect was incidental and not required to preserve the estate or to bring additional assets into the estate.

Authority is meager on this point, but reason supports the few decisions concerned therewith. In the absence of evidence that some material benefit accrued to an estate in receivership through the services of those not entrusted with its administration, it seems illogical to award compensation merely because labor which was performed at the instance of an interested party incidentally facilitated or expedited the administration. See Barker v. Southern Building & Loan Ass'n, C.C., 181 F. 636; Atkinson & Co. v. Aldrich-Clisbee Co., D.C., 248 F. 134; Culhane v. Anderson, 8 Cir., 17 F.2d 559.

The petitioner's efforts were a gratuity to the estate, and it has not been demonstrated that any material benefit accrued to the estate.

The Report of the Referee, denying the petitioner's claim for legal services, is confirmed.