# UNION BANK OF CHICAGO *v.* KANSAS CITY BANK

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF MISSOURI.

No. 13.  Argued October 16, 17, 1889. — Decided May 19, 1890.

Upon appeal from a decree in equity of the Circuit Court of the United
States, accompanied by a certificate of division in opinion between
two judges before whom the hearing was had, in a case in which the
amount in dispute is insufficient to give this court jurisdiction, its juris-
diction is confined to answering the questions of law certified.

Upon the question of the construction and effect of a statute of a State,
regulating assignments for the benefit of creditors, the decisions of the
highest court of the State are of controlling authority in the courts of
the United States.

Section 354 of the Revised Statutes of Missouri of 1879, concerning volun-
tary assignments for the benefit of creditors, does not invalidate a deed
of trust, in the nature of a mortgage, by an insolvent debtor, of all his
personal property, to secure the payment of preferred debts, reserving a
right of redemption.

By the law of Missouri, one partner has power to bind his copartners by a
mortgage of all the personal property of the partnership to secure the
payment of particular debts of the partnership.

A receiver derives his authority from the act of the court, and not from the
act of the parties; and the effect of his appointment is to put the prop-
erty from that time into his custody as an officer of the court, for the
benefit of the party ultimately proved to be entitled, but not to change
the title, or even the right of possession.

By the law of Missouri, a mortgage by one partner of the personal property
of an insolvent partnership, to secure the payment of particular debts
of the partnership, is valid, and does not operate as a voluntary assign-
ment for the benefit of all its creditors under § 354 of the Revised Stat-
utes of 1879; although another partner does not assent to the mortgage,
and has previously authorized the making of a voluntary assignment
under the statute; and although the partner making the mortgage pro-
cures a simultaneous appointment of a receiver of all the partnership
property.

THIS was a petition, in the nature of a bill in equity, filed in
a court of the State of Missouri by citizens and corporations
of other States, judgment creditors (each of them in the sum
of less than $2500) in behalf of all the creditors of James

B. Melone, of Macon in the State of Missouri, Richard A. Melone and Charles H. Benedict, of Kansas City in that State, and all three citizens of Missouri, and doing business at Kansas City as partners, under the name of Benedict, Melone & Co., against those three partners, three banking corporations of Missouri, and Charles Stewart, likewise a citizen of Missouri.

The bill alleged that on February 16, 1882, Richard A. Melone, in behalf of the partnership, executed a deed of trust, a copy of which was annexed to the bill, purporting to be by and between the partnership of the first part, Stewart of the second part, and the three banks of the third part, and to convey to Stewart the personal property and choses in action of the partnership; provided that if the partnership should pay certain specified debts which it owed to each of the banks, "then these presents and everything herein shall cease and be void; but if they, the said Benedict, Melone & Co., shall fail or make default in the payment of such indebtedness to said three above-mentioned banks, or any part thereof, when the same shall have become past due and payable for five days, then it shall be lawful for said party of the second part to sell said property in any manner he shall think fit, and out of the proceeds arising from said sale pay off said indebtedness or so much thereof as shall be unpaid, together with the costs and expenses of said sale, and the overplus, if any there be, shall be paid to said parties of the first part. Said party of the second part shall take immediate possession of said property."

The bill further alleged that this deed included all the partnership property; that the partnership and each partner were then, as all the defendants well knew, hopelessly insolvent; that on the same day, and simultaneously with the execution of this deed, Benedict, upon a suit commenced by him in a court of Missouri to wind up the partnership, procured the appointment of Stewart as receiver of its property, and he immediately qualified and entered upon his duties as such; that James B. Melone had previously authorized his copartners to make a general assignment for the benefit of all

the partnership creditors without any preferences, and never authórized or approved the deed of trust; that the action of. the two other partners in executing that deed to Stewart and having him appointed receiver was a fraudulent attempt on their part to evade the statute of Missouri concerning volun-. tary assignments ; that by reason of the premises, and of that statute, the deed of trust operated as a voluntary assignment of all the property of the partnership for the benefit of all its creditors; that all the partnership property was delivered to Stewart and taken possession of by him under the deed of trust; that out of the property Stewart had realized the sum of $58,000, enough to pay all the creditors of the partnership about sixty per cent of their debts if the preferences in the deed of trust should be set aside; but that Stewart, instead of performing the duties required of him by the aforesaid statute of Missouri, had treated the deed of trust as a valid mortgage, and had paid the debts of the banks in .full, amounting to about $19,000, and was proceeding to distribute as receiver the rest of the trust fund in his hands.

The bill prayed that the deed of trust might be declared to be a general assignment for the benefit of all the creditors of the partnership in proportion to their respective claims; that Stewart be ordered to make distribution accordingly; and that the banks be ordered to pay the sums received by them into the registry of the court. .

Stewart and the three banks demurred to the petition; and before further proceedings in the cause, it was removed, on application of the plaintiffs, into the Circuit Court of the United States; and that court, upon a hearing on bill, answers, replication and proofs, before Mr. Justice Miller and Judge Krekel, ordered the bill to be dismissed, and they certified a division of opinion on the following questions :

" 1. Is the instrument of writing in this case, called a deed of trust, which we find, as a matter of fact, conveys all the partnership property of Benedict, Melone & Co. to Charles Stewart as trustee, as security for the banks therein named, void for want of the assent of James B. Melone, one of the partners, which was never given to that transfer ?

" 2. As James B. Melone did give his previous assent and directions to the making of an assignment for the benefit of creditors, does the deed of trust above mentioned operate as a general assignment for the benefit of all the creditors of the partnership under section 354 of the Revised Statutes of Missouri of 1879.

" 3. Does the making of that deed of trust and appointment of a receiver, who is the same person as the trustee, on the same day, and as part of the proceeding to administer the assets of the insolvent partnership, to which the banks and Stewart and the partners in the firm of Benedict, Melone & Co. agreed, constitute a general assignment for the benefit of all the creditors, and require the receiver to administer the funds in his hands in that manner ? "

A final decree was entered for the defendants, in accordance with the opinion of the presiding justice; and the plaintiffs appealed to this court.

*Mr. S. C. Douglass* (with whom was *Mr. C. L. Dobson* on the brief) for appellants.

I. Treating the instrument as a deed of trust with preferences, it is not properly executed to make it the act of the firm, having been made without the assent of one of its members, and the preferences therein attempted to be created are void and should be set aside.

The authorities are unanimous in holding that, by the act of co-partnership, the implied power of a partner over the partnership assets is limited to transactions within its business scope and objects; and they are, practically, as unanimous in holding that this implied authority is personal to the partner and cannot be delegated to another person without the assent of the other partners, and that neither party is authorized, by virtue of the partnership relation, to appoint a trustee and interpose him between the partnership, its property and creditors, thereby, *ipso facto*, dissolving the partnership, and placing its property in the hands of third persons for sale and disposition. Transfers, made in conducting the business of the

firm, are in exercise of a power to preserve, while such as mean' dissolution are in the exercise of a power to destroy, and, to validate them, a special authorization must be shown. *Hitchcock* v. *St. John*, 1 Hoffman Ch. 511; *Wetter* v. *Schleiper*, 15 How. Pr. 268; *Dana* v. *Lull*, 17 Vermont, 390; *Rogers* v. *Batchelor*, 12 Pet. 221; *Welles* v. *March*, 30 N. Y. 344; *Palmer* v. *Myers*, 43 Barb. 509; *Deming* v. *Colt*, 3 Sandf. (N. Y.) 284; *Hayes* v. *Heyer*, 3 Sandf. (N. Y.) 293; *Coope* v. *Bowles*, 18 Abb. Pr. 442; *Bowen* v. *Clark*, 1 Bissell, 128; *Pearpoint* v. *Graham*, 4 Wash. C. C. 232; *Holland* v. *Drake*, 29 Ohio St. 441; *Bull* v. *Harrison*, 18 B. Mon. 195; *Kirby* v. *Ingersoll*, Harrington Ch. (Mich.) 172; *Maughlin* v. *Tyler*, 47 Maryland, 545; *Stein* v. *La Dow*, 13 Minnesota, 412; *Dunklin* v. *Kimball*, 50 Alabama, 251; *Pettee* v. *Orser*, 6 Bosworth, (N. Y.,) 123; *Loeb* v. *Pierpoint*, 58 Iowa, 469; *Havens* v. *Hussey*, 5 Paige, 30; *Ormsbee* v. *Davis*, 5 R. I. 442; *Wooldridge* v. *Irving*, 23 Fed. Rep. 676; *Nat. Bk. of Baltimore* v. *Sackett*, 2 Daly, (N. Y.,) 395; *Loeschigk* v. *Hatfield*, 5 Robertson, (N. Y.,) 26; *Kemp* v. *Carnley*, 3 Duer, (N. Y.,) 1; *Haggerty* v. *Granger*, 15 How. Pr. 243; *Everson* v. *Gehrman*, 10 How. Pr. 301; *Hughes* v. *Ellison*, 5 Missouri, 463; *Drake* v. *Rogers*, 6 Missouri, 317; *Clark* v. *Rives*, 33 Missouri, 579; *Hook* v. *Stone*, 34 Missouri, 329; *Keck* v. *Fisher*, 58 Missouri, 532.

II. Treating the instrument as a deed of general assignment, it is properly executed to make it the firm act, inasmuch as the two resident partners participated in the transfer, and the absent one directed the assignment to be made, and ratified the transfer only as such assignment.

Section 354, Rev. Statutes of Mo. of 1879, Vol. I page 54, is as follows: "Every voluntary assignment of lands, tenements, goods, chattels, effects and credits, made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor in proportion to their respective claims, and every such assignment shall be proved or acknowledged, and certified and 'recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed." This term "voluntary" is applied to assign-

ments to distinguish them from such as are made by the compulsion of the law, as under statutes of bankruptcy and insolvency, or by order of some competent court. *Manny* v. *Logan*, 27 Missouri, 528.

"Voluntary assignments for the benefit of creditors are transfers, without compulsion of laws, by debtors of some or all of their property, to an assignee or assignees in trust, to apply the same, or the proceeds thereof, to the payment of some or all of their debts, and to return the surplus, if any, to the debtor." Burrill on Assignments, 4th ed. § 2.

When a debtor has made a general disposition of all his property and effects, and suspended his whole business in consequence thereof, thereby declaring insolvency, his act in so doing constitutes a voluntary assignment under the Missouri statute; and it is immaterial whether that act be effectuated by one or more instruments, provided they are parts of one and the same transaction, in and by which the debtor so disposes of his property. The assignment statute is remedial in its nature and intended to prevent preferences, as the statute of fraudulent conveyances is aimed at frauds, and both must be liberally construed, in the very nature of things, in order to accomplish the purposes for which they were enacted. The courts look beyond the mere form of instruments, and, with the aid of parol proof, construe them according to their real meaning and effect. *Martin* v. *Hausman*, 14 Fed. Rep. 160; *Kellogg* v. *Richardson*, 19 Fed. Rep. 70; *Clapp* v. *Dittman*, 21 Fed. Rep. 15; *Perry* v. *Corby*, 21 Fed. Rep. 737; *Kerbs* v. *Ewing*, 22 Fed. Rep. 693; *Clapp* v. *Nordmeyer*, 25 Fed. Rep. 71; *Freund* v. *Yaegerman*, 26 Fed. Rep. 812; *State ex rel. Feldkamp* v. *Morse*, 27 Fed. Rep. 262; *Weil* v. *Polack*, 30 Fed. Rep. 813; *Crow* v. *Beardsley*, 68 Missouri, 435; *State* v. *Benoist*, 37 Missouri, 500; *Sexton* v. *Anderson*, 95 Missouri, 373; *Berry* v. *Cutts*, 42 Maine, 445; *Downing* v. *Kintzing*, 2 S. & R. 326; *Holt* v. *Bancroft*, 30 Alabama, 193; *Livermore* v. *McNair*, 34 N. J. Eq. 478; *Watson* v. *Bagaley*, 12 Penn. St. 164; *S. C.* 51 Am. Dec. 595; *Miners' National Bank's Appeal*, 57 Penn. St. 193; *Burrows* v. *Lehndorf*, 8 Iowa, 96; *Cole* v. *Dealham*, 13 Iowa, 551; *Van Patten* v. *Burr*, 52 Iowa,

518; *Harkrader* v. *Leidy*, 4 Ohio St. 602; *Dickson* v. *Rawson*, 5 Ohio St. 218; *Englebert* v. *Blanjot*, 2 Wharton, 240; *Mussey* v. *Noyes*, 26 Vermont, 462; *Thompson* v. *Heffner*, 11 Bush, 353; *Perry* v. *Holden*, 22 Pick. 269.

*Mr. Henry H. Ess* and *Mr. O. H. Dean* (with whom were *Mr. William Warner* and *Mr. James Hagerman* on the brief) for appellees.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The claim of each plaintiff being for less than $5000, and the amount in dispute, therefore, insufficient to give this court jurisdiction of the whole case, our jurisdiction is confined to answering the questions of law presented by the certificate of division of opinion between the judges before whom the case was heard in the Circuit Court. Rev. Stat. §§ 650, 652, 693; Act of February 16, 1875, c. 77, § 3, 18 Stat. 316; *Dow* v. *Johnson*, 100 U. S. 158; *United States* v. *Ambrose*, 108 U. S. 336; *Jewell* v. *Knight*, 123 U. S. 426.

The determination of these questions is governed by the law of Missouri, where the deed of trust was made, and the parties to it resided. In ascertaining the construction and effect of section 354 of the Revised Statutes of the State of 1879, which is supposed to affect the case, it is important to bear in mind the law of Missouri as it existed before those statutes were enacted.

The Supreme Court of Missouri in 1852, speaking by Mr. Justice Gamble, said: "It is not necessary to quote books for the purpose of showing that a debtor in failing circumstances may give a preference to one or more of his creditors to the exclusion of others; and that such disposition of his effects is not impeachable on the ground of fraud, because it embraces all his property;" and accordingly upheld assignments by insolvent debtors of all their property to pay particular creditors. *Cason* v. *Murray*, 15 Missouri, 378, 381; *Richards* v. *Levin*, 16 Missouri, 596, 599.

It was also well settled by the decisions of that court, that each partner, by virtue of the relation of partnership, and of the community of right and interest of the partners, had full power and authority to sell, pledge or otherwise dispose of all personal property belonging to the partnership, for any purpose within the scope of the partnership business, and might therefore, without the concurrence of his copartners, mortgage the partnership property by deed of trust, to secure the payment of a partnership debt; *Clark* v. *Rives*, 33 Missouri, 579; *Keck* v. *Fisher*, 58 Missouri, 532; although one partner, without the concurrence of his copartners, could not delegate to a stranger the right of the partnership to administer the partnership effects, and therefore could not make a general assignment of all the property of the partnership for distribution by the assignee among the partnership creditors, retaining no equity of redemption in the partnership. *Hughes* v. *Ellison*, 5 Missouri, 463; *Hook* v. *Stone*, 34 Missouri, 329.

The statutes of Missouri restricting voluntary assignments have always been construed rather strictly by the Supreme Court of the State.

By the earliest statute upon the subject, "in all cases in which any person shall make a voluntary assignment of his lands, tenements, goods, chattels, effects and credits, or any part thereof, to any person, in trust for his creditors or any of them, it shall be the duty of the assignee" to file an inventory of the assigned property in the office of the clerk of the Circuit Court of the county in which the assignee resides. Missouri Rev. Stat. of 1845, c. 10, § 1; reënacting Act of February 15, 1841, § 1, Missouri Laws of 1840–41, p. 13.

In the Revised Statutes of 1855, c. 8, § 1, that section was reënacted, and at the end of the chapter this section was added: "§ 39. Every provision in any assignment, hereafter made in this State, providing for the payment of one debt or liability in preference to another, shall be void; and all debts and liabilities, within the provisions of the assignment, shall be paid *pro rata* from the assets thereof."

The Supreme Court of Missouri repeatedly and uniformly held that, taking those two sections together, § 39 only pro-

hibited preferences among the creditors designated in an assignment, either of the whole or of part of the debtor's property, but did not invalidate partial assignments for the benefit of some of the creditors of the assignor, and was so far inefficient to prevent preferences among creditors; and the court observed: "If the legislature wish to strike at the root of the evil, they must go back to an old principle of the common law, which permits a debtor to prefer one creditor to another, and which privilege can be effected in a variety of modes other than those referred to in our statutes concerning assignments." *Shapleigh* v. *Baird*, 26 Missouri, 322, 326; *Johnson* v. *McAllister*, 30 Missouri, 327; *Many* v. *Logan*, 31 Missouri, 91; *State* v. *Benoist*, 37 Missouri, 500, 516.

An act of February 13, 1864, repealed § 39 of the act of 1855, and enacted that "every assignment hereafter made in this State," under the provisions of the act of 1855, "shall be for the benefit of all creditors who shall present and prove up their claims under the provisions of said act, and all debts and liabilities so proved and allowed shall be paid *pro rata* from the assets thereof." Act of February 13, 1864, §§ 8, 9, Missouri Laws of 1863–64, p. 6.

In 1865 this provision was reënacted in this form: "Every voluntary assignment of lands, tenements, goods, chattels, effects and credits made by a debtor to any person in trust for his creditors shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims." Gen. Stat. of 1865, c. 112, § 1; 1 Wagner's Stat. (3d ed.) 150.

In 1878 the construction and effect of this provision were drawn in judgment before the Supreme Court of Missouri in *Crow* v. *Beardsley*, 68 Missouri, 435, where a debtor had conveyed his stock of merchandise by a deed of trust, in no respect differing from the one now before us, to secure the payment of certain of his creditors. It was contended that the provision of the statute, just quoted, avoided all conveyances of property which gave a preference among creditors. But it was held that while that provision had a wider scope than § 39 of the act of 1855, and was designed to prevent any preference of creditors "by assignment," yet it did not avoid deeds of

trust, in the nature of mortgages, which were only securities for the payment of debts. The court clearly pointed out the distinction between assignments and deeds of trust in the nature of mortgages, saying: "An assignment is more than a security for the payment of debts; it is an absolute appropriation of property to their payment." "The distinction is that an assignment is a conveyance to a trustee for the purpose of raising funds to pay a debt, while a deed of trust in the nature of a mortgage is a conveyance in trust for the purpose of securing a debt, subject to a condition of defeasance. The deed in question here is, therefore, a deed of trust in the nature of a mortgage." 68 Missouri, 437, 438. Upon these reasons it was adjudged that the deed was not within the statute concerning assignments, and could not be avoided by a creditor not named in it, except for fraud.

The section there construed was afterwards reënacted, in the same words, in § 354 of the Revised Statutes of 1879, which were the statutes in force when the deed of trust in this case was made.

The only embarrassment in the present case has been occasioned by the course of decision in the Circuit Court of the United States within the State of Missouri, originating in a case decided in 1882 by an opinion of Judge Krekel with the concurrence of Judge McCrary. *Martin* v. *Hausman,* 14 Fed. Rep. 160.

In that case, the debtors assigned and transferred their whole stock in trade by a deed which declared that it was made to secure certain debts therein mentioned, but directed the assignee to proceed at once to sell the property, and out of the proceeds to pay the debts as they matured, and provided that after they had been fully paid "this deed shall be released," and reserved no right of redemption to the assignors. Upon a review of the decisions of the Supreme Court of Missouri, and especially *Shapleigh* v. *Baird,* *State* v. *Benoist* and *Crow* v. *Beardsley,* above cited, it was held that, as the deed did not purport to be a security for a debt, leaving an equity of redemption in the grantors, and empowering the trustee to sell only if the debts specified should not be paid

at maturity, but conveyed the property absolutely to the trustee, to be sold for the payment of the debts named and preferred in it, it was not a mortgage security, but an assignment for the benefit of creditors; and Judge Krekel. laid down this general rule: "A debtor in Missouri, under its legislation and adjudications thereon, may, though he be insolvent at the time, prefer one or more of his creditors by securing them; but he cannot do it by an instrument conveying the whole of his property to pay one or more creditors. Instruments of the latter class will be construed as falling within the assignment laws, and as for the benefit of all creditors, whether named in the assignment or not." 14 Fed. Rep. 166.

The rule thus laid down has since been followed by the same and other judges in the Federal courts within the State of Missouri, and has been extended (in disregard of the adjudication of the Supreme Court of the State in *Crow* v. *Beardsley*) so as to hold a deed of trust, in the nature of a mortgage, of all the personal property of the debtor, to be a voluntary assignment, within the meaning and effect of the Missouri statute. *Dahlman* v. *Jacobs*, 16 Fed. Rep. 614 ; *Kellog* v. *Richardson*, 19 Fed. Rep. 70 ; *Clapp* v. *Dittman*, 21 Fed. Rep. 15 ; *Perry* v. *Corby*, 21 Fed. Rep. 737 ; *Kerbs* v. *Ewing*, 22 Fed. Rep. 693 ; *Freund* v. *Yaegerman*, 26 Fed. Rep. 812, and 27 Fed. Rep. 248 ; *State* v. *Morse*, 27 Fed. Rep. 261.

That rule, as thus construed and applied, has not, however, always been approved in the Circuit Court. In *Clapp* v. *Dittman*, above cited, Mr. Justice Brewer, then Circuit Judge, confessed that, if it were a new question, his own conclusion would be different, and in harmony with the decisions in *National Bank* v. *Sprague*, 3 C. E. Green, 13, 28 ; *Farwell* v. *Howard*, 26 Iowa, 381 ; *Doremus* v. *O'Hara*, 1 Ohio St. 45 ; *Atkinson* v. *Tomlinson*, 1 Ohio St. 237, and other cases ; and declared that he should follow the rule, as having been established by the course of the decisions in the courts of the United States within the State of Missouri, until there should be some authoritative construction of the statute by the Supreme Court of the United States, or by the Supreme Court

of the State. 21 Fed. Rep. 11. See also *Perry* v. *Corby*, 21 Fed. Rep. 737; *Freund* v. *Yaegerman*, 27 Fed. Rep. 248; *Elgin Co.* v. *Meyer*, 30 Fed. Rep. 659; *Weil* v. *Polack*, 30 Fed. Rep. 813.

The decision in *Crow* v. *Beardsley* has always been treated in all the courts of the State as settling the law of Missouri upon the subject. It has been followed by the St. Louis Court of Appeals in *Holt* v. *Simmons*, 16 Mo. App. 97, and by the Kansas City Court of Appeals in *Sampson* v. *Shaw*, 19 Mo. App. 274, and in *Smith & Keating Co.* v. *Thurman*, 29 Mo. App. 186; and it has been approved and acted on by the Supreme Court of Missouri in a very recent case, in which the court, after repeating and enforcing the reasoning upon which *Crow* v. *Beardsley* proceeded, said: "The assignment law of Missouri is not, in letter or spirit, a bankrupt or insolvent debtor's act. A debtor, whether solvent or insolvent, may, in good faith, sell, deliver in payment, mortgage or pledge the whole or any part of his property for the benefit of one or more of his creditors, to the exclusion of others, even though such transfer may have the effect of delaying them in the collection of their debts. Its terms in no way qualify the rule by which the character of this instrument is to be determined. Reading the instrument then as a whole, in the light of the circumstances under which it was executed, was it intended as a security, or as an absolute unconditional conveyance, *in praesenti*, to the grantee of all the grantor's interest in the property, both legal and equitable, to the exclusion of any equitable right of redemption?" And it was accordingly adjudged that the assignment law was inapplicable to a deed of trust, conveying all the debtor's property, real and personal, (except his homestead and household furniture, and a horse and buggy,) to a trustee in trust to secure the payment of part of his debts for which he was liable either as principal or as surety, which appeared to the court, upon a view of all its provisions as applied to the facts of the case, to be "not an absolute indefeasible assignment of all the grantor's title, both legal and equitable, in the property 'in trust for his creditors;' but a deed of trust to secure the pay-

ment of debts and other liabilities, in which the grantor has an interest in the property conveyed," for the protection of which "equity gives him a right of redemption,-though no clause of defeasance was inserted in the deed." *Harga-dine* v. *Henderson*, 97 Missouri, 375, 386, 387, 389.

The question of the construction and effect of a statute of a State, regulating assignments for the benefit of creditors, is a question upon which the decisions of the highest court of the State, establishing a rule of property, are of controlling authority in the courts of the United States. *Brashear* v. *West*, 7 Pet. 608, 615; *Allen* v. *Massey*, 17 Wall. 351; *Lloyd* v. *Fulton*, 91 U. S. 479, 485; *Sumner* v. *Hicks*, 2 Black, 532, 534; *Jaffray* v. *McGehee*, 107 U. S. 361, 365; *Peters* v. *Bain*, 133 U. S. 670, 686; *Randolph's Executor* v. *Quidnick Co.*, 135 U. S. 457. The decision in *White* v. *Cotzhausen*, 129 U. S. 329, construing a similar statute of Illinois in accordance with the decisions of the Supreme Court of that State as understood by this court, has therefore no bearing upon the case at bar. The fact that similar statutes are allowed different effects in different States is immaterial. As observed by Mr. Justice Field, speaking for this court, "The interpretation within the jurisdiction of one State becomes a part of the law of that State, as much so as if incorporated into the body of it by the legislature. If, therefore, different interpretations are given in different States to a similar local law, that law in effect becomes by the interpretations, so far as it is a rule for our action, a different law in one State from what it is in the other." *Christy* v. *Pridgeon*, 4 Wall. 196, 203. See also *Detroit* v. *Osborne*, 135 U. S. 492.

In the present case, there can be no doubt that the deed of trust, conveying the personal property of the partnership to secure the payment of its debts therein named, and reserving in the clearest terms a right of redemption to the grantors, by providing that if they shall pay those debts the deed shall be void, as well as by authorizing the trustee to sell the property only in case of their failing to pay those debts or any part thereof for five days after they become payable, was, according to the settled course of decision in the courts of the State

of Missouri, a mortgage only, and not an assignment under the statute relied on; and therefore, according to the decisions in Missouri, cited at the beginning of this opinion, (no fraud being proved or suggested,) an instrument which one partner had the inherent authority to bind the partnership by, although his copartners did not join in it.

The deed of trust, executed by and with the consent of two of the three partners, being a valid mortgage, and not an assignment, within the meaning of the statute, the fact that the third partner had authorized his copartners to execute an assignment, which was never executed, cannot affect the validity or the operation of the deed of trust.

Nor did the simultaneous appointment of a receiver of the partnership property at the suit of one of the partners alter the nature of the deed of trust, or transform it into a voluntary assignment, within the meaning of the statute of Missouri, as construed by the Supreme Court of the State. A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property. *Skip* v. *Harwood*, 3 Atk. 564; *Anon.* 2 Atk. 15; *Wiswall* v. *Sampson*, 14 How. 52, 65; *Ellis* v. *Boston, Hartford & Erie Railroad*, 107 Mass. 1, 28; *Maynard* v. *Bond*, 67 Missouri, 315; *Herman* v. *Fisher*, 11 Mo. App. 275, 281. And in the present case, the three banks have claimed and received payment of the full amount of their debts from Stewart as trustee under the mortgage, and not as receiver under the appointment of the court.

The necessary conclusion is, that each of the questions certified must be answered in the negative, and that the decree of the Circuit Court dismissing the bill must be

*Affirmed.*

THE CHIEF JUSTICE, having been of counsel, and MR. JUSTICE BREWER, not having been a member of the court when the case was argued, took no part in its consideration or decision.