## MURPHY HOTELS CORPORATION v. CENTRAL NAT. BANK SAVINGS & TRUST CO.

Circuit Court of Appeals, Sixth Circuit.
April 7, 1927.

No. 4684.

1. **Chattel mortgages ⚖47—Chattel mortgage contained in lease covering furniture and equipment to be placed in leased premises, but not after-acquired property, held not vague or indefinite.**

Chattel mortgage contained in lease, and covering all furniture and equipment that might be placed on premises by lessee at time of taking possession, but not purporting to cover after-acquired property, *held* not invalid as vague or indefinite.

2. **Chattel mortgages ⚖188(1)—Provision permitting mortgagor to sell worn-out equipment, to be replaced with new, held not to invalidate mortgage.**

Provision in chattel mortgage covering furniture and equipment for billiard and pool parlor *held* not invalid, because permitting mortgagor to sell worn-out equipment to be replaced with new.

3. **Courts ⚖359—State law on chattel mortgages must be accepted by federal courts.**

The law of a state relating to chattel mortgages must be accepted by federal courts.

4. **Chattel mortgages ⚖235½—Lien of mortgage securing debt $4,000 in excess of previous mortgage held not to attach as of date of first mortgage.**

Where subsequent mortgage between same parties was to secure debt $4,000 in excess of amount secured by mortgage executed more than a year previously, lien did not attach as of date of execution of first mortgage, on ground the later mortgage was a continuation thereof.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the bankruptcy of E. M. Helm. From a judgment of the District Court, affirming an order of the referee holding invalid a mortgage by the Murphy Hotels Corporation, and adjudging the mortgage of the Central National Bank Savings & Trust Company valid, and a first and prior lien on property described therein, the Murphy Hotels Corporation brings error. Reversed and remanded.

Leslie Nichols, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, on the brief), for plaintiff in error.

Delos J. Needham and E. C. Landsman, both of Cleveland, Ohio, for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. This a controversy arising out of a bankruptcy proceeding. On the 12th day of May, 1925, E. M. Helm was adjudged a bankrupt and the proceedings referred to a referee. Joseph A. Klein was appointed trustee, and filed a petition to sell the assets, making the Murphy Hotels Corporation and the Central National Bank Savings & Trust Company defendants. Each of these defendants claimed priority under separate chattel mortgages executed and delivered to them by the bankrupt more than four months prior to the commencement of the bankruptcy proceedings.

There is no controversy as to the facts. On June 13, 1922, the Hotels Corporation leased to Helm space in its new building for 10 years, beginning September 1, 1922, or as soon thereafter as the building was ready for occupancy. The lease contained a chattel mortgage provision to secure the payment of the rentals agreed upon, covering all the furniture and equipment that may be placed in said leased premises by Helm at the time of taking possession thereof. It was also agreed that this furniture and equipment should aggregate in value not less than $20,000, and that Helm would maintain furniture and equipment to the value above specified during the term of the lease. It was further provided that the lessee should have the full use and enjoyment of the fixtures, with the right to sell and dispose, free from any lien thereof, any part thereof that may be worn out or replaced by the lessee, or may become unfit for use. The property was not ready for occupancy until February 1, 1923, at which time the bankrupt took possession and installed the furniture and equipment in accordance with the terms of the written agreement. In May following a sworn statement was indorsed upon the chattel mortgage by the mortgagee, as required by section 8564 of the General Code of Ohio and the same was filed as a chattel mortgage with the county recorder.

In January of 1923 the bankrupt, who was then operating a billiard and pool room in another location, executed to the Central National Bank a chattel mortgage to secure the payment of a promissory note of $7,500. This chattel mortgage covered the equipment located in the billiard and pool room then occupied by the bankrupt, which equipment was later transferred to the new location and placed therein with other equipment of like character.

In July, 1923, this note and this mortgage were canceled, and Helm then gave the bank a note for $10,500, secured by a chattel mortgage on the same property described in the

first mortgage. In February of 1924 this note and this mortgage were, canceled and Helm then gave a note to the bank for $11,500, secured by a chattel mortgage ·upon the same property covered by the prior mortgages. This chattel mortgage was placed of record in April, 1924. After the bankrupt took possession of the leased property, no sale was made by him of any worn-out property or equipment which he had placed in the premises in accordance with the terms and provisions of the lease, nor did he make any replacement or purchase additional equipment. The referee held the mortgage of the Hotels Corporation invalid and the mortgage of the Central National Bank valid as to a part of the property therein described. Upon petitions to review, filed by each of said claimants, the District Court affirmed the order of the referee holding the Hotels Corporation mortgage invalid, and reversed the order of the referee as to the mortgage of the Central Bank Savings & Trust Company, and adjudged its mortgage valid and a first and prior lien on all of the property described therein.

In this proceeding the trustee in bankruptcy makes no contention as to the validity of the mortgage to the Central National Bank, but insists that the mortgage to the Hotels Corporation is invalid. It is insisted on the part of the trustee and the Central National Bank that the Hotels Corporation's mortgage is invalid, for the reasons that it contains a provision permitting possession by the mortgagor and sale by him for the purpose of replacing worn-out equipment with new; that it is intended to cover, and does cover, after-acquired property; and that the description of the personal property in the mortgage is vague, indefinite, and uncertain.

It is further claimed on behalf of the Central National Bank that, even if the Hotels Corporation's mortgage is valid, the bank's mortgage is entitled to priority, for the reason that it is a renewal mortgage to secure the payment of the same debt, covering the same property as its original mortgage of January, 1923, and its second mortgage of July, 1923, and that the cancellation and release of record of these notes and mortgages, and the taking of a new note and new mortgage in place thereof, does not release the lien of the prior mortgages.

In reply to these claims it is insisted upon the part of the Hotels Corporation that the description in its mortgage is definite and certain, in that it covered all the furniture and equipment of every kind and character in the leased premises; that it does not cover, nor was it intended to cover, after-acquired prop-erty, for the reason it was not to take effect as a lien upon any property whatever until placed in this room, and that all of the property described in the mortgage was owned and in the possession of the mortgagor at the time the mortgage took effect and at the time the sworn statement was made and the chattel mortgage was filed for record.

It is further claimed on behalf of the Hotels Corporation that the Central National Bank Company's mortgage is not entitled to priority by reason of the prior mortgages canceled and released of record, given to secure the payment of promissory notes for wholly different and lesser amounts than the note secured by the chattel mortgage under which it now claims, and that the bank's mortgage is invalid, for the reason that the description therein is too vague and uncertain to identify the property from other like property placed by the bankrupt in the leased property, which other property is not covered nor intended to be covered by the bank's mortgage, which purports to describe only the property that was owned and used by the bankrupt at the former location of his billiard and pool room before he moved into the leased property.

[1] The Hotels Corporation mortgage does not cover or purport to cover after-acquired property. It was executed some months before the mortgagor took possession of the leased premises and placed therein furniture and equipment of the value stipulated in the contract. In this respect it was wholly executory. Francisco et al. v. Ryan, 54 Ohio St. 307, 316, 43 N. E. 1045, 56 Am. St. Rep. 711. It is clear that it was not the intention or purpose of the parties that this chattel mortgage should become a lien upon any property owned by the mortgagor as of the date it was executed, but that it should take effect as a valid lien on all the property described therein when, under the terms of the contract, that property was placed in the leased premises by the lessee. Nor did this mortgage cover only property of the value of $20,000. It covered all the property placed in the leased premises, to secure the payment of $20,000. For this reason the description in the mortgage was neither vague, indefinite nor insufficient, but, on the contrary, specifically· covered all the furniture and equipment in this billiard parlor on the day the mortgage lien attached. .

[2, 3] Nor does the provision in the mortgage permitting the mortgagor to sell worn-out equipment to ·be replaced with new invalidate this mortgage. All of the Ohio cases relied upon by the trustee and the Central National Bank involved stocks of merchandise to be

sold at retail in the regular course of the mortgagor's business, without any provision that the mortgagor should account to the mortgagee for the proceeds of such sales. This is undoubtedly the law of Ohio, and although its policy is criticized in Etheridge v. Sperry, 139 U. S. 266, 277, 11 S. Ct. 565, 35 L. Ed. 171, as not being in furtherance of commercial progress requiring increased facilities in the transfer of property, nevertheless the law of a state relating to chattel mortgages must be accepted by the federal courts. Union Bank v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341. It has also been held in Ohio that such a mortgage is valid as between the parties and also valid as against creditors, if the mortgagee takes possession of the mortgage property before levy of execution or attachment. Brown v. Webb, 20 Ohio, 389; Francisco et al. v. Ryan, supra, and cases there cited.

This record, however, presents a wholly different question. This mortgage does not cover a stock of merchandise, but certain fixed and definite articles of personal property, to be used and not to be sold in the usual course of the mortgagor's business. Permission to sell and replace is restricted to equipment worn out in the conduct of the mortgagor's business. This provision permits the mortgagor to operate a high-class billiard parlor consistent with the character of the locality and the high rental he is required to pay and keep his equipment in condition to attract desirable customers. It inures to the benefit, not only of mortgagee and mortgagor, but to the general creditors, and ought not be condemned unless clearly forbidden by the law of the state in which the contract was made and performance required. Coopers v. Wolf et al., 15 Ohio St. 523, involved a like principle, although not the identical question. The fact that two judges dissented upon authority of Freeman v. Rawson, 5 Ohio St. 1, and Collins v. Myers, 16 Ohio 547, emphasizes the fact that a majority of the court did not think these cases have application to a mortgage of this character. The reason for the distinction between a mortgage of equipment of permanent character, but which by reason of wear may become unfit for use, and one covering a stock of merchandise to be sold at retail in the daily conduct of the mortgagor's business, is very clearly stated in Shaw v. Bill, 95 U. S. 10, 16, 24 L. Ed. 333, Hasbrouck v. Rich, 113 Mo. App. 389, 88 S. W. 131, Wylly Gabbett Co. v. Williams, 53 Fla. 872, 42 So. 910, and New York Security Co. v. Saratoga Gas Co., 88 Hun, 569, 34 N. Y. S. 890.

[4] The trustee in bankruptcy is not objecting to the validity of the bank's mortgage. The Hotels Corporation is not interested in that mortgage, further than as it affects the question of priority. This mortgage was filed for record in April of 1924, 11 months after the filing of the Hotels Corporation mortgage. The claim that the lien of this mortgage attached as of January, 1923, when a mortgage to secure a promissory note for $7,500 was executed, because this and the second mortgage is a continuation of the first, cannot be sustained. This mortgage was given to secure a debt of $11,500; that amount being $4,000 in excess of the amount of the first mortgage and $1,000 in excess of the second mortgage, which was filed for record in July, 1923. Even if the bank were right in its contention that the lien of a renewal mortgage would attach as of the date of the first mortgage covering the same property and given to secure the same debt, a question which we do not decide, because not presented by the record, certainly a mortgage securing another debt $4,000 in excess of the original debt, is not a renewal mortgage.

For the reasons stated, this court is of the opinion that the chattel mortgage of the Hotels Corporation is valid as between the parties as of the date it was agreed and provided it should take effect, and as against creditors as of the date it was filed for record, and was at the time of the commencement of the bankruptcy proceeding a valid, subsisting, and first lien upon all the furniture and equipment of the mortgagor then in the leased premises and entitled to priority of payment.

Decree reversed and remanded for further proceedings in accordance with this opinion.