**In re SASSARD & KIMBALL, Inc.**

**MOORE v. BAY.**

**No. 6147.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 6, 1930.

Rehearing Denied Jan. 12, 1931.

Craig & Weller, Thomas S. Tobin, and James P. Keleher, all of Los Angeles, Cal., for appellant.

Sylvan G. Bay, of Los Angeles, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from an order made by the court below reversing a ruling of the referee in bankruptcy holding a certain chattel mortgage void as to all creditors.

The facts are stipulated, and those material are as follows: At all times important to be considered in this case Sassard & Kimball, Inc., was a corporation engaged in the business of a merchant selling automobiles, automobile parts and accessories. On the 31st day of December, 1929, the corporation filed a voluntary petition in bankruptcy, and on the same date appellant was appointed receiver for the estate of the bankrupt, and upon qualifying, took into his possession all property claimed to be a part of the estate, including that covered by a certain chattel mortgage in question. On November 23, 1928, the bankrupt executed a chattel mortgage as security for the payment of a certain promissory note for $10,000, payable thirty days after date to the assignor of appellee. The mortgage was acknowledged of date November 30, 1928, the affidavit of good faith was executed December 5, 1928, and the instrument filed for record and recorded by the county recorder of Los Angeles county on December 19, 1928. The chattel mortgage covered a certain Studebaker service car, a Ford roadster, the furniture, showroom, and shop equipment of the bankrupt. Prior to the execution or filing of the mortgage, no notice of intention to mortgage the stock in trade, fixtures, and equipment belonging to the mortgagor was recorded in accordance with the provisions of section 3440 of the Civil Code of California. In relation to the mortgage, the proceeding presents three classes of creditors of the bankrupt: (1) Those existing at the date of the mortgage; (2) those who became such between the date of the mortgage and its recordation; (3) those so becoming subsequent to the recording of the mortgage.

Section 3440 of the Civil Code of California provides that a chattel mortgage "will be conclusively presumed to be fraudulent and void as against the existing creditors * * * unless at least seven days before the consummation of such * * * mortgage, the * * * mortgagor * * * shall record in the office of the county recorder * * * a notice of said intended

\* \* \* mortgage," setting out the particulars of its proposed effect and purpose.

It is clear that the mortgage, by reason of the provisions of the statute, is void as to creditors of the first class, and it is conceded it is also void as to those of the second class. As held by decisions of the Supreme Court of California, the mortgage would be valid as against creditors of the third class. Ruggles v. Cannedy, 127 Cal. 290, 53 P. 911, 59 P. 827, 46 L. R. A. 371; United Bank & Trust Co. v. Powers, 89 Cal. App. 690, 265 P. 403.

 It is the contention of appellant that, under section 70e of the Bankruptcy Act of 1898 (11 USCA § 110(e), the mortgage in question, being void as to one creditor or class of creditors, is void in toto at the suit of the trustee.

Section 70e of the Bankruptcy Act reads: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as defined in this title, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

There is no express language in this section which specifically gives to any unsecured creditor of a bankrupt any greater rights or any secured creditor any less right than he had before adjudication in bankruptcy. The rights of a trustee in bankruptcy to "avoid any transfer" are no greater than those of a creditor or particular class of creditors. It is clear, we think, that a trustee in bankruptcy is limited in his control and disposition of the estate of the bankrupt to the rights of creditors as such rights existed and could be enforced under the state law prior to the time proceedings in bankruptcy were instituted. This is not a case of an ordinary transfer of property in whole or in part in fraud of creditors, but a case of a transfer made void by statute only as to a specific class of creditors. In National Bank v. Moore, 247 F. 913, 919, this court said: "The trustee in the interest of the general creditors may therefore contest any claim of lien that a judgment creditor might contest if bankruptcy had not intervened."

In the case at bar, only judgment creditors of the first or second class specified could have successfully contested the mortgage had not bankruptcy intervened.

We quote with approval the following from the memorandum opinion of Judge Killits filed in the court below: "In 1910, the Bankruptcy Act was amended to make clear the position of the Trustee. It seems to have been the theory of the Referee that the effect of this amendment, which gave the Trustee the status of an execution creditor, so far affected the status of the creditors of each of the three classes, as against the mortgage, as to place them all on the same level of superiority. In this we are very clear that the Referee was wrong. There is nothing whatever in the cause for, or the language of the amendment of 1910 to produce such a result. The Trustee indeed represents all creditors, but only as their respective interests in the property under administration were fixed by local law when the bankruptcy proceedings intervened, and it is his duty to administer and distribute accordingly as he finds at that time liens or inferiorities of respective creditors were established. If at that time any creditors had no inchoate right under existing state laws to reduce his claim to judgment and thereby establish a lien by execution superior to an existing and recorded mortgage, he is bound in distribution to recognize the latter's superior position. It is said, as a settled law in federal courts, that there is so much of local nature entering into chattel mortgages that federal courts accept as decisive the state law fixing the priority of such encumbrance. Etheridge v. Sperry, 139 U. S. 266, 11 S. Ct. 565, 35 L. Ed. 171. See, also, In re Baxter & Co. (C. C. A.) 154 F. 22, and Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341."

In Peters v. Bain, 133 U. S. 670, 10 S Ct. 354, 33 L. Ed. 696, considering a statute relating to fraudulent conveyances somewhat similar to the statute here in question, the Supreme Court reiterated the views of that court that it would accept the conclusions of the highest court of the state as controlling.

It is contended in the brief of appellant that one of the cars covered by the mortgage was part of the bankrupt's stock in trade and hence was not subject to chattel mortgage under section 2955, California Civil Code. As this question does not appear to have been presented to or considered by the referee or court below, we express no opinion. If there

is merit in the contention it may be presented in the further bankruptcy proceedings.

The order is affirmed.