## HARDMAN et al. v. WHITNEY et al.

No. 26091.  Feb. 25, 1936.

Priest & Belisle, for plaintiffs in error.

S. A. Horton, for defendants in error.

PER CURIAM. On January 10, 1934, the plaintiffs filed a petition in the district court of Seminole county, alleging in substance that the defendant C. F. Aldridge, as sheriff of Seminole county, was threatening to execute a writ of assistance dispossessing them of certain property; that said writ has been issued in a foreclosure proceeding in the superior court of Seminole county, wherein the defendant E. W. Whitney was plaintiff, and the plaintiffs were defendants; that after the judgment of foreclosure the district court of Oklahoma county had appointed one V. V. Harris receiver of all the assets of E. W. Whitney located within the state of Oklahoma; that without the authorization of the district court of Oklahoma county, E. W. Whitney had the court clerk of the superior court of Seminole county issue a special execution and order of sale in the foreclosure proceeding, and that he thereafter became the purchaser of the mortgaged property; that by reason of the foregoing, the order of sale, sheriff's deed, and writ of assistance were void, and the defendants should be restrained from divesting the plaintiffs of possession of the property. Attached to the petition as exhibits were copies of the writ of assistance, the order of the district court of Oklahoma county appointing the receiver, and the sheriff's deed. The defendants demurred to this petition, and demurrer was sustained. It is our opinion that this ruling was correct.

A general receiver appointed by a court of equity, often referred to as a chancery receiver, does not by virtue of his appointment alone take legal title to the assets coming into his possession, but takes possession of the property of the individual, firm, or corporation for whom the receiver is appointed, for the purpose of administering it under the guidance of the court of his appointment, and only by judicial sale is the title divested from the owner and lodged in the purchaser. A statute providing for the appointment of a receiver in certain designated circumstances may also provide that the receiver be vested with title to the property. In such instances, statutory receivers are clothed with rights not common to those of a chancery receiver. This distinction has been recognized by the Supreme Court of the United States in such cases as Union National Bank of Chicago v. Bank of Kansas City, 136 U. S. 223, 34 L. Ed. 341, 10 S. Ct. 1013, in which the court said:

"A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property."

To the same effect are the cases of Zacher v. Fidelity Trust & Safety-Vault Co., 106 Fed. 593, certiorari denied, 181 U. S. 621, 45 L. Ed. 1032, 21 S. Ct. 924; Grant v. A. B. Leach & Co., 280 U. S. 351, 74 L. Ed. 470, 50 S. Ct. 109.

Fletcher, Cyclopedia Corporations, 7781:

"The appointment of an ordinary chancery receiver does not operate as a transfer of title to or interest in the assets of the corporation, nor as an assignment of them, the effect of the appointment being merely to give him the right to the possession of the property, without changing the title or creating any lien upon it. He has authority to take custody of the property as an officer of the court during the pendency of the action, but it does not effect a change of title or create a lien thereon."

Oscar Heineman Corp. v. Nat. Levy & Co., 6 F. (2d) 970:

"A chancery receiver gets no title, but only a right to the possession of the property as the officer of the court. The title continues in those in whom it was vested when the appointment was made. The receiver takes charge of the property for the court, and while he is in charge the property is in custodia legis, and his duty is to administer it subject to the court's direction. His possession is in reality the possession of the court. He is appointed in the interests of justice and for the benefit of all the parties in interest."

A. R. Young Const. Co. v. Dunne et al., 123 Kan. 176, 254 P. 323:

"The appointment of an ordinary chancery

receiver such as was designated in this case did not operate as a transfer of title to or interest in the assets of the corporation or as an assignment of them. He had authority to take custody of the property as an officer of the court during the pendency of the action, and it did not effect a change of title or create a lien thereon."

Board of Drainage Com'rs v. Lafayette Southside Bank of St. Louis, 27 F. (2d) 286:

"A receiver has no title or right to property of any of the parties to the litigation vested in him. He is merely an indifferent person appointed as custodian to hold the property in litigation subject to the further order of the court. Booth v. Clark, 17 How. 322, 331, 332, 338, 15 L. Ed. 164; Quincy, etc., Ry. v. Humphreys, 145 U. S. 82, 98, 12 S. Ct. 787, 36 L. Ed. 632; Great Western Mining Co. v. Harris, 198 U. S. 561, 576, 25 S. Ct. 770 (49 L. Ed. 1163). He does not represent the justiciable rights of the parties through the litigation of which he is receiver, but only the protection of property in his hands as such receiver, or the collection of assets, to the possession of which he is entitled as receiver."

That the rights and remedies of a plaintiff which had accrued at the time of the commencement of the action do not abate upon the appointment of a receiver, is recognized in the case relied upon by the plaintiffs in error, Tootle v. Kent, 12 Okla. 674, 73 P. 310. Such is the recognized rule as illustrated by the following authorities:

1 C. J. 144:

"Unless there is a statutory provision to the contrary, a pending action will not abate by reason of bankruptcy or insolvency proceedings against plaintiff or defendant, an adjudication of bankruptcy or insolvency, and the appointment of an assignee or trustee therein particularly where a statute provides, as is the case in most jurisdictions, that no action shall abate by the transfer of any interest during its pendency; but in such case the action may be continued by or against the original party, or the assignee or trustee may be substituted, according to the statutes and practice in the particular jurisdiction."

53 C. J. 349:

"And the mere appointment of a receiver of a litigant in a pending cause being no bar to the suit, which will not abate in consequence of such appointment, the corporation, in the instance of the appointment of a receiver of a corporation, not being dissolved thereby, the receiver is not a necessary party, although he may be a proper party, to be admitted on his own application to appear and defend if the interests which he represents render it proper or necessary, and the suit may be prosecuted to judg-

ment without bringing him in, or if plaintiff in the suit is successful, when he undertakes the collection of his judgment it may be that the receiver can interpose."

The district court of Oklahoma county could properly have authorized its receiver to intervene in the foreclosure proceedings had it been deemed necessary to insure the delivery of the property to its receiver when the same was reduced to the possession of the mortgagee. Under such circumstances, the receiver would no doubt have been a proper party, but, on the facts in the instant case, he was neither a necessary nor indispensable party. Mercantile Trust Co. v. Pittsburgh & W. R. Co., 29 Fed. 733:

"The appointment by this court of the receivers did not oust the jurisdiction which the court of common pleas had previously acquired of the proceedings against the railroad company instituted by the petitioner for the ascertainment of his damages, nor did it operate as a stay thereof. Neither was the petitioner bound to bring in the receivers as defendants, as he was seeking no relief against them. It was their business to intervene, and take defense, if they wished to do so. High, Rec., secs. 258-260; Tracy v. First Nat. Bank, 37 N. Y. 523. The master was therefore correct in his determination that the petitioner's rights as a judgment creditor are not to be denied recognition simply because he proceeded in the prosecution of his suit without making the receivers parties, or notice to them, and without leave of this court."

Board of Drainage Com'rs v. Lafayette Southside Bank of St. Louis, supra:

"Where an effort is made to take property out of a receiver's possession, or where relief is sought against his acts as receiver, he is a proper party litigant; but where the litigation affects property not in his possession, and asserts rights thereto not disturbing his possession thereof, he is not a proper, much less an indispensable, party thereto. Continental Trust Co. v. Toledo, St. L. & K. C. Ry. Co. (C. C. 82 F. 642, 647)."

Denton v. Baker, 79 F. 189:

"In that case the Supreme Court also held that, notwithstanding the insolvency of a national bank, and the appointment by the Comptroller of a receiver of its assets, the corporate franchise of the association continues, and the association, as a legal entity, continues to exist, and is capable of suing and liable to be sued in all matters in which the corporation is interested."

Boston Elevated Ry. Co. v. Paul Boyton Co., 211 F. 812:

"The suit did not abate by the appointment of a receiver for the plaintiff's rights of action while it was pending. The re-

ceiver had not asked to intervene, nor had the defendant moved to have him substituted as plaintiff."

The receiver's failure to intervene cannot be set up by the mortgagors, who by reason of their default have lost their right to the property. What disposition the mortgagee makes of the property is no concern of theirs. That this receiver was informed of the foreclosure proceedings, and that no attempt was made by the mortgagee to conceal assets or assert a right to the property contrary to the orders of the district court of Oklahoma county. is evidenced by the "suggestion of the receiver" contained in the brief of defendants in error wherein it is stated:

"V. V. Harris, the receiver for E. W. Whitney, hereby joins in the brief and asks that the case be affirmed. The case was decided on a demurrer or a motion; otherwise, it would have been shown that the matter was being handled with the approval of the court and this receiver. It was deemed that the best way to handle it would be to permit the sale to be had, and the property bought in by Whitney. It was all for the benefit of the estate, and the property is now held by the receiver. The receiver, therefore, asks the court to affirm the judgment, or sale. V. V. Harris."

We have decided this case on a theory not advanced by the defendants, but wish to add that were there any merit to the plaintiffs' contention, it should have been asserted in the foreclosure proceedings. The plaintiffs had an adequate remedy at law, and had the receiver been a necessary party equity would deny relief for the reason that it does not interfere when the plaintiff has a well-recognized legal remedy available.

In view of the foregoing, it is the judgment of this court that the order of the lower court sustaining the defendants' demurrer to the plaintiffs' petition be in all respects affirmed, and the plaintiffs are directed to deliver possession of the property to the defendants forthwith.

The Supreme Court acknowledges the aid of Attorneys Ester M. Calkin, Phil W. Davis, and James W. Cosgrove in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mrs. Calkin and approved by Mr. Davis and Mr. Cosgrove, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.