### In re PRUDENCE CO., Inc.*

### MARINE MIDLAND TRUST CO. OF NEW YORK et al. v. CALLAGHAN et al.

### Nos. 210–213.

Circuit Court of Appeals, Second Circuit.
March 9, 1936.

See, also, In re Prudence Bonds Corporation (C.C.A.) 75 F.(2d) 262; Id. (C. C.A.) 77 F.(2d) 328; In re Prudence Co. (C.C.A.) 79 F.(2d) 77; In re Prudence Bonds Corporation (C.C.A.) 79 F.(2d) 205; Id. (C.C.A.) 79 F.(2d) 212.

Each of the appellants is the trustee under one or more trust agreements executed by Prudence-Bonds Corporation under which certain mortgages on real estate and other securities were assigned to the appellants to hold in trust upon the terms stated for the benefit of the owners of bonds issued by Prudence-Bonds Corporation in accordance with the trust agreements. All these securities had been the property of this debtor who had transferred them to Prudence-Bonds Corporation in consideration for the bonds issued by Prudence-Bonds Corporation which were delivered to the debtor. The bonds so issued were given series numbers to designate those under each separate trust agreement. It will be convenient and sufficient for present purposes to state the series of bonds in which each appellant is interested as trustee.

*Writ of certiorari denied 56 S. Ct. 757, 80 L. Ed. —.

The Marine Midland Trust Company of New York is the trustee for the sixteenth series; City Bank Farmers Trust Company, as successor trustee, is the trustee for the series AA, the third series, the fourth series, the seventh series, and the seventeenth series. The Central Hanover Bank & Trust Company is the trustee for the sixth series and the eighteenth series, and President and Directors of the Manhattan Company for the fifth series and the ninth series.

All of the bonds so issued were for a good and sufficient consideration guaranteed, as to the payment of interest as it accrued and as to the payment of principal within eighteen months after becoming due, by this debtor, which was not a party to the trust agreements. Prudence-Bonds Corporation and this debtor were both controlled through stock ownership by New York Investors, Inc.

The trust agreements here involved were all substantially the same so far as present issues are concerned. Each contained a clause providing that, so long as the principal amount of the trust fund was not less than the principal of all bonds issued and outstanding thereunder, and so long as there was no default giving the trustee the right to take action, Prudence-Bonds Corporation or this debtor should collect and retain all payments of interest and principal on the trust securities subject to provisions in the trust agreement for the benefit of the bondholders. If such default occurred, the trustee was empowered to act instead.

Both Prudence-Bonds Corporation and this debtor having defaulted in respect to their obligations on the bonds in each series above mentioned, the appellants, at different times and except as to the sixth and eighteenth series, all before this proceeding was instituted, served notice upon the debtor declaring the entire principal of the bonds due and payable as provided in the trust instruments, terminating all rights of Prudence-Bonds Corporation or this debtor to collect or retain any payments of principal or interest on the securities held in trust, and demanding that all moneys, securities, and other properties, papers, records, and other documents pertaining thereto and the prosecution of all suits or actions for the foreclosure of any of the mortgages be turned over to the respective trustees. After this petition was filed, like notices were served

upon the debtor by each of the appellants as to every series of bonds of which each was trustee as before set forth.

The Bank of Manhattan Company was the first of the appellants to act in this respect, and what it did will suffice to show how the issues on this appeal arose. On January 31, 1934, its notices were served and were supplemented by notices served on February 15, 1934. Both this debtor and Prudence-Bonds Corporation refused to comply. By agreement between them, this debtor had made all the collections and disbursements and had exercised all the rights both it and Prudence-Bonds Corporation had under the trust agreements. On March 3, 1934, the Bank of Manhattan, as trustee, commenced an action in the Supreme Court for the state of New York, against Prudence-Bonds Corporation and this debtor to enforce its demands. While this suit was pending and on September 29, 1934, the superintendent of banks of the state of New York took over the business of the debtor under the provisions of section 57 of the New York Banking Law, and thereupon the superintendent was substituted for the debtor in this action. On January 24, 1935, this suit was terminated by a decision of the New York Court of Appeals in favor of the plaintiff. See President and Directors of Manhattan Co. v. Prudence Co., Inc., et al., 266 N.Y. 202, 194 N.E. 408. Before the superintendent of banks complied with the order of the New York Court of Appeals, this debtor, on February 1, 1935, filed its voluntary petition for reorganization under section 77B (11 U.S.C.A. § 207) in the court below. It was approved, temporary trustees appointed, and compliance with the order of the state court enjoined. On February 7, 1935, the Bank of the Manhattan Company moved for a modification of the injunction to exclude from its provisions the trust funds of which it was the trustee, and an order to show cause issued. Before the motion was heard, however, and on February 16, 1935, an ex parte order was made authorizing the debtor's trustees to make certain distributions to the bondholders after deducting certain fees. On February 23, 1935, the Bank of Manhattan Company filed its petition for a modification of this order similar to that it sought in respect to the order of February 7, 1935. These motions were denied in an order dated August 16, 1935, from which the appeal was taken. While the facts in respect to the

other appellants are not identical, their appeals are from the same order and raise the same issues. Prudence-Bonds Corporation is also being reorganized in 77B proceedings in the court below.

Sullivan & Cromwell, of New York City (S. Pierce Browning, Jr., of New York City, of counsel), for appellant Marine Midland Trust Co., trustee.

Delafield, Thorne & Marsh, of New York City (George H. Porter and Wilmurt B. Linker, both of New York City, of counsel), for appellant City Bank Farmers Trust Co.

Carter, Ledyard & Milburn, of New York City (J. M. Richardson Lyeth and John P. Allee, both of New York City, of counsel), for appellant President and Directors of Manhattan Co., trustee.

Miller, Owen, Otis & Bailly, of New York City (Edward J. Bennett and Mark F. Hughes, both of New York City, of counsel), for appellee Prudence Co., Inc., debtor.

Kaufman, Weitzner & Celler, of New York City, and Thomas Cradock Hughes, of Brooklyn, N. Y. (Samuel H. Kaufman and Emil Weitzner, both of New York City, Thomas Cradock Hughes, of Brooklyn, N. Y., and Isadore Polier, Harold S. Lynton, and Irving L. Schanzer, all of New York City, of counsel), for trustees of Prudence Co., Inc., debtor.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ The theory upon which the appellees in the main rely is that, although Prudence-Bonds Corporation held the legal title to the securities which it transferred to each of the appellants in trust, those securities were, as between Prudence-Bonds Corporation and itself, owned by the Prudence Company, Inc., whose obligation as the guarantor of the bonds issued by Prudence-Bonds Corporation was the primary obligation which they understood the trust property was to be held to secure; that is to say, the property held by these appellants, as trustees, is that of the debtor.

Such rights as the debtor did possess in the trust property by virtue of any such understanding were subject to its own obligation to comply with the terms of its guaranty which were a part of the ar-

rangement. Before this proceeding was brought, it was in default as to those obligations and has remained in default. The contract was made and was to be performed in New York concerning trust property there. We adopt the construction of the highest court in that state as to its meaning and effect. Hiscock v. Varick Bank, 206 U.S. 28, 27 S.Ct. 681, 51 L.Ed. 945; Prudential Ins. Co. of America v. Liberdar Holding Corporation (C.C.A.) 72 F.(2d) 395. That court has already decided that, under circumstances in all essentials like those in each of these appeals the Prudence Company, Inc., had no rights in the trust res not dependent upon the fulfillment of its own obligation to perform its guaranty. President and Directors of Manhattan Co. v. Prudence Co., Inc., et al., 266 N.Y. 202, 194 N.E. 408. Its default uncured has therefore deprived it of any right to question the apparent title which Prudence-Bonds Corporation had to the securities it transferred to these appellees in trust or that they are held to secure the obligation of that corporation to pay its own bonds.

The court is given under section 77B (a), 11 U.S.C.A. § 207 (a), after petition approved, exclusive jurisdiction "of the debtor and its property wherever located, * * * and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature." Such a receiver takes over only the property of the debtor so unable to pay debts. Union Nat. Bank of Chicago v. Kansas City Bank, 136 U.S. 223, 10 S.Ct. 1013, 34 L.Ed. 341. As in each instance the trust res is not the property of this debtor, it is no part of the property within the jurisdiction of the court in these proceedings and so subject to its orders. In re Prudence Bonds Corporation (C.C. A.) 79 F.(2d) 212.

■ There remains the contention that the order was within the sound discretion of the court, on the theory that, as Prudence-Bonds Corporation is also being reorganized under section 77B in the same court and the judge in charge of that proceeding had made an order under which the appellees were acting in respect to some of this property, it was proper for the judge who made the order appealed from to adopt the same course. As-

suming that it were possible for two judges to make valid orders concerning these various trust securities, it is easy to understand the desirability of having the orders essentially unconflicting. But there is really no possibility of any such confusion. Each of these 77B proceedings is separate and distinct from the other though they are both pending in the same District Court. The jurisdiction of the court in each instance is governed by section 77B(a), above referred to, and what property may be administered in each is dependent upon what is the property of each debtor. It does by no means follow that, because some property is within the jurisdiction of the court in one 77B proceeding, orders concerning it may be made in another such proceeding in the same court.

Order reversed.